UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **VICTORIA LOVETT, individually and on behalf of all others similarly situated,** | : : : | **CASE NO. 1:24-cv-00590** |
| | : | **Judge Douglas R. Cole** |
| **Plaintiff,** | : : | |
| v. | : : | |
| **CONTINUED.COM, LLC,** | : : | |
| **Defendant.** | : : : | |

**DEFENDANT CONTINUED.COM, LLC's RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Continued.com, LLC ("Continued") submits this filing to respond briefly to Plaintiff's Notice of Supplemental Authority, Doc. 12-1. Plaintiff's Notice calls the Court's attention to an unpublished Order entered in *Guereca v. Motorsport.TV Digit., LLC*, Case No. 24-24066-CIV (S.D. Fla. 2024). Plaintiff's Notice argues that this decision "is relevant" to her argument that her Complaint adequately alleged a violation of the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710. (Doc. 12-1, Notice of Supplemental Authority, at PageID 91.) Not so.

For a start, the *Guereca* plaintiff made a key allegation absent from Plaintiff's Complaint: that the defendant disclosed "the title of the video[s] requested and obtained," as well as "the URL where [the plaintiff] requested access to and obtained [each] video." (Doc. 12-2, *Guereca* Order, at 3, PageID 96.) As already highlighted by Continued's Motion to Dismiss, Plaintiff's Complaint fails to allege that Continued disclosed the titles or URLs of any specific videos she requested

from SpeechPathology.com. (Doc. 6, Mot. to Dismiss, at PageID 49–50.) This omission, fatal to Plaintiff's VPPA claim, dispels any comparison to *Guereca*.

Furthermore, the *Guereca* court did not address a couple key arguments that Continued made in its Motion to Dismiss before this Court. For one, the *Guereca* did not consider the ordinary meaning of the VPPA's definition of a "video tape service provider," *see* 18 U.S.C. § 2710(a)(4), which excludes entities that distribute exclusively digital video content. (*See* Doc. 6, Mot. to Dismiss, at PageID 44–47.) Nor did the *Guereca* court address the VPPA's mens rea requirement, 18 U.S.C. § 2710(b)(1). (*See* Doc. 6, Mot. to Dismiss, at PageID 51–52.)

As a result, the opinion in *Guereca* is neither instructive nor supportive of Plaintiff's opposition to Continued's Motion to Dismiss.

Respectfully submitted,

*/s/ Beth A. Bryan*
Beth A. Bryan (0082076)
Dominic Bayer (00104319)
TAFT STETTINIUS & HOLLISTER LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
Phone: (513) 357-9617
bryan@taftlaw.com
dbayer@taftlaw.com

*Counsel for Defendant Continued.com, LLC*

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the above was filed electronically on February 27, 2025. Notice of this filing will be sent to all parties through the Court's electronic filing system.

*/s/ Beth A. Bryan*