**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Victoria Lovett                    ,

        **Plaintiff(s),**

    v.

Continued.com, LLC          ,

        **Defendant(s).**

**Case No.** 1:24-cv-590
**District Judge Douglas R. Cole**
**Magistrate Judge** Bowman

**RULE 26(f) REPORT OF PARTIES**
**(to be filed not later than seven**
**days prior to the preliminary**
**pretrial conference)**

1. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on 5/28/26                    ,

and was attended by:

Tyler Somes                    , counsel for plaintiff(s) Victoria Lovett                    ,

_____, counsel for plaintiff(s) _____,

_____, counsel for plaintiff(s) _____,

_____, counsel for defendant(s) _____,

Beth Bryan                    , counsel for defendant(s) Continued.com                    ,

William Braff                    , counsel for defendant(s) Continued.com                    ,

_____, counsel for defendant(s) _____,

2. The parties:

___ have provided the pre-discovery disclosures required by Fed. R. Civ. P. 26(a)(1), including a medical package (if applicable).

__X__ will exchange such disclosures by 6/30/26 _____.

___ are exempt from disclosure under Fed. R. Civ. P. 26(a)(1)(B).

3. The parties:

___ unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

__X__ do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

___ unanimously give contingent consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), for trial purposes only, in the event that the assigned District Judge is unavailable on the date set for trial (e.g., because of other trial settings, civil or criminal).

4. Recommended cut-off date for filing of motions directed to the pleadings:

N/A (motions have been filed and ruled on)

5. Recommended cut-off date for filing any motion to amend the pleadings and/ or to add additional parties:

Defendant's Position: 7/3/26  Plaintiff's Position: 9/3/26

6. Recommended discovery plan:

   a. Describe the subjects on which discovery is to be sought and the nature, extent and scope of discovery that each party needs to: (i) make a settlement evaluation, (ii) prepare for case dispositive motions, and (iii) prepare for trial:

Class typicality, numerosity, commonality, adequancy; Continued's webiste's

content and technical features, the Meta pixel; named plaintiff's viewer history and social media.

b. What changes should be made, if any, in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the local rules of this Court, including the limitations to 25 interrogatories/requests for admissions and the limitations of 10 depositions, each lasting no more than one day consisting of seven (7) hours?

None at this point. Class discovery may require additional depositions and written discovery.

As described below, Defendant requests narrow initial discovery to resolve the case.

This case is a class action, so Defendant expects that later discovery would be bifucared

to permit pre and post certification discovery if this case cannot be resolved earlier.  Plaintiff opposes bifurcation.

c. Additional recommended limitations on discovery:

Defendant requests targeted initial discovery to prepare for a dispositive motion.

Discovery on Plaintiff's viewing history and social media will provide a basis for

finding Ms. Lovett is not a viable class representative. This will permit early resolution

and avoid costs of full discovery relating to the class and alleged website use.

Plaintiff requires discovery on the operation of Defendant's website and does not believe discovery should be bifurcated or limited to her individual claim.

d. Recommended date for the disclosure of lay witnesses:

8/3/2026

e. Describe the areas in which expert testimony is expected and indicate whether each expert had been or will be specifically retained within the meaning of Fed. R. Civ. P. 26(a)(2).

Defendant expects expert testimony as to the Meta Pixel and damages if

discovery proceeds beyond Defendant's requested initial, targeted discovery.

Plaintiff expects expert testimony regarding the operation of the Meta Pixel and

potentially additional internet tracking technologies and in support of class certification.

3

f.  Recommended date for disclosure and report of Plaintiff(s) expert(s):

6/4/27

g.  Recommended date for disclosure and report of Defendant(s) expert(s):

7/5/27

h.  Recommended date for disclosure and report of rebuttal expert(s):

8/16/27

i.  Discovery of Electronically Stored Information: The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form or forms in which it should be produced.

\_\_\_\_ Yes

x\_\_\_\_ No

    i.  The parties have electronically stored information in the following formats:

The parties will draft and submit a joint ESI protocol if ESI

discovery becomes necessary.

    ii.  The case presents the following issues relating to disclosure, discovery or preservation of electronically stored information, including the form or forms in which it should be produced:

Defendant believes extensive ESI production will be unnecessary because targeted

discovery will likely confirm that the named class representative cannot state a claim.

Plaintiff expects the case to involve substantial productions of ESI given the nature of the claims.

4

    j.  Claims of Privilege or Protection.  The parties have discussed issues regarding the protection of information by privilege or the work-product doctrine, including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evid. 502.

         \_\_\_\_ Yes

         x\_\_\_\_ No

    i.  The case presents the following issues relating to claims of privilege or of protection as trial preparation materials:

        n/a

    ii.  Have the parties agreed on a procedure to assert such claims **AFTER** production?

        X\_\_\_ No

        \_\_\_\_ Yes

        \_\_\_\_ Yes, and the parties ask that the Court include their agreement in an order.

7.  Recommended discovery cut-off date: Defendant: 9/30/26 for targeted discovery, 9/30/27 for pre-certification discovery
Plaintiff: 6/14/27 for the close of fact discovery; 9/14/27 for the close of expert discovery

8.  Recommended dispositive motion date: Defendant: 11/16/26 (initial motion); 11/15/27 (class cetification motion)
Plaintiff: 10/13/2027 for class certification motion; 12/14/2027 for summary judgment motions

9.  Recommended date for status conference (if any): 9/30/26

10. Suggestions as to type and timing of efforts at Alternative Dispute Resolution:

The parties have discussed a potential settlement. As communications progress it

may be valuable to mediate the dispute before further motions practice.

The parties shall contact the court if they require assistant with settlement.

11. Recommended date for a final pretrial conference: 12/13/28

12. Has a settlement demand been made? _Yes_____

    A response? _Yes_____

    Date by which a settlement demand can be made: _n/a_____

    Date by which a response can be made: _n/a_____

13. Other matters pertinent to the scheduling or management of this litigation:

    _____

    This matter will likely involve different stages of discovery (initial, pre-certification, post-certification) as well as

    motions practice. It may be difficult to predict the timing later in the case._____

Signatures:
Attorney(s) for Plaintiff(s):

Attorney(s) for Defendants(s):

Daniel J. O'Connor
Ohio Bar #:0091397
Trial Attorney for:  Plaintiff

Beth Bryan
Ohio Bar #  82076
Trial Attorney for  Continued.com

William Braff
Ohio Bar #  98773
Trial Attorney for _____

Ohio Bar # _____
Trial Attorney for _____

Ohio Bar # _____
Trial Attorney for _____

Ohio Bar # _____
Trial Attorney for _____

6