**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Victoria Lovett                    ,

**Plaintiff(s),**

v.

Continued.com, LLC             ,

**Defendant(s).**

Case No. 1:24-cv-590
**District Judge Douglas R. Cole**
**Magistrate Judge** Bowman

**RULE 26(f) REPORT OF PARTIES**
**(to be filed not later than seven**
**days prior to the preliminary**
**pretrial conference)**

1.  Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on 5/28/26             ,

and was attended by:

Tyler Somes            , counsel for plaintiff(s) Victoria Lovett            ,


_____, counsel for plaintiff(s) _____,

_____, counsel for plaintiff(s) _____,

_____, counsel for defendant(s) _____,

Beth Bryan            , counsel for defendant(s) Continued.com            ,

William Braff          , counsel for defendant(s) Continued.com            ,

_____, counsel for defendant(s) _____,

2.  The parties:

___ have provided the pre-discovery disclosures required by Fed. R. Civ. P. 26(a)(1), including a medical package (if applicable).

**X** will exchange such disclosures by <u>8/4/26</u>.

___ are exempt from disclosure under Fed. R. Civ. P. 26(a)(1)(B).

3.  The parties:

___ unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

**X** do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

___ unanimously give contingent consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), <u>for trial purposes only</u>, in the event that the assigned District Judge is unavailable on the date set for trial (e.g., because of other trial settings, civil or criminal).

4.  Recommended cut-off date for filing of motions directed to the pleadings:

    <u>N/A (motions have been filed and ruled on)</u>

5.  Recommended cut-off date for filing any motion to amend the pleadings and/or to add additional parties:

    Plaintiff's Position: 9/3/26. Defendant's Position: <u>7/28/26</u>

6.  Recommended discovery plan:

    a. Describe the subjects on which discovery is to be sought and the nature, extent and scope of discovery that each party needs to: (i) make a settlement evaluation, (ii) prepare for case dispositive motions, and (iii) prepare for trial:

    Class typicality, numerosity, commonality, adequacy; Continued's website's content and technical features, the Meta pixel; named plaintiff's viewer history and social media. Records in possession of Meta reflecting the purchased-related data Meta received via the tracking technologies installed on Defendant's websites. Discovery reflecting Defendant's installation, configuration, and use of Meta's tracking technologies on its websites.

b. What changes should be made, if any, in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the local rules of this Court, including the limitations to 25 interrogatories/requests for admissions and the limitations of 10 depositions, each lasting no more than one day consisting of seven (7) hours?

None at this point. Class discovery may require additional depositions and written discovery.

As described below, Defendant requests narrow initial discovery to resolve the case.

This case is a class action, so Defendant expects that later discovery would be bifurcated

to permit pre and post certification discovery if this case cannot be resolved earlier. Plaintiff opposes bifurcation.

c. Additional recommended limitations on discovery:

Defendant requests targeted initial discovery to prepare for a dispositive motion.

Discovery on Plaintiff's viewing history and social media will provide a basis for

finding Ms. Lovett is not a viable class representative. This will permit early resolution

and avoid costs of full discovery relating to the class and alleged website use.

Plaintiff requires discovery on the operation of Defendant's website and does not believe discovery should be bifurcated or limited to her individual claim.

d. Recommended date for the disclosure of lay witnesses:

4/3/2027

e. Describe the areas in which expert testimony is expected and indicate whether each expert had been or will be specifically retained within the meaning of Fed. R. Civ. P. 26(a)(2).

Defendant expects expert testimony as to the Meta Pixel and damages if

discovery proceeds beyond Defendant's requested initial, targeted discovery.

Plaintiff expects expert testimony regarding the operation of the Meta Pixel and

potentially additional internet tracking technologies and in support of class certification.

f.  Recommended date for disclosure and report of Plaintiff(s) expert(s):

6/4/27

g.  Recommended date for disclosure and report of Defendant(s) expert(s):

7/5/27

h.  Recommended date for disclosure and report of rebuttal expert(s):

8/16/27

i.  Discovery of Electronically Stored Information: The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form or forms in which it should be produced.

___  Yes

X____  No

i.  The parties have electronically stored information in the following formats:

The parties will draft and submit a joint ESI protocol if ESI discovery becomes necessary.

ii.  The case presents the following issues relating to disclosure, discovery or preservation of electronically stored information, including the form or forms in which it should be produced:

Defendant believes extensive ESI production will be unnecessary because targeted discovery will likely confirm that the named class representative cannot state a claim.

Plaintiff expects the case to involve substantial productions of ESI given the nature of the claims.

4

    j.  Claims of Privilege or Protection.  The parties have discussed issues regarding the protection of information by privilege or the work-product doctrine, including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evid. 502.

        _____ Yes

        __x__ No

      i.  The case presents the following issues relating to claims of privilege or of protection as trial preparation materials:

        n/a

      ii.  Have the parties agreed on a procedure to assert such claims **AFTER** production?

        __X__ No

        _____ Yes

        _____ Yes, and the parties ask that the Court include their agreement in an order.

7.  Recommended discovery cut-off date: Defendant: 9/30/26 for targeted discovery, 9/30/27 for pre-certification discovery
Plaintiff: 6/14/27 for the close of fact discovery; 9/14/27 for the close of expert discovery

8.  Recommended dispositive motion date: Defendant: 11/16/26 (initial motion); 11/15/27 (class certification motion)
Plaintiff: 10/13/2027 for class certification motion; 12/14/2027 for summary judgment motions

9.  Recommended date for status conference (if any): 9/30/26

10.  Suggestions as to type and timing of efforts at Alternative Dispute Resolution:

The parties have discussed a potential settlement. As communications progress it

may be valuable to mediate the dispute before further motions practice.

The parties shall contact the court if they require assistant with settlement.

11.  Recommended date for a final pretrial conference: 12/13/28

12. Has a settlement demand been made? <u>Yes</u>

   A response? <u>Yes</u>

   Date by which a settlement demand can be made: <u>n/a</u>

   Date by which a response can be made: <u>n/a</u>

13. Other matters pertinent to the scheduling or management of this litigation:

   <u>Plaintiff</u>:  Plaintiff seek to file a Second Amended Complaint adding four plaintiffs to this action.  Plaintiff's counsel understood that the Court, at the most recent status conference, ordered the parties to meet and confer concerning this proposed amended complaint so that Defendant could research the additional named plaintiffs and advise Plaintiff's counsel whether it believes there were any issues with their claims that would somehow render the proposed amendment improper.  Plaintiff's counsel has sent defense counsel a copy of the proposed Second Amended Complaint (three days after the date set in the Court's order, due to an ongoing medical issue affecting Frank S. Hedin, one of Plaintiff's counsel, for which Mr. Hedin sincerely apologizes). Plaintiff's counsel has been advised by Defendants' counsel that Defendant will not provide its "written consent" to the filing of the Second Amended Complaint under Rule 15(a)(2), but Defendant has not explained its basis for refusing to provide such consent. Plaintiff will therefore file a motion for leave to file the Second Amended Complaint, to the extent the Court does not grant such leave without the need for a formal motion (which it would be acting well within its discretion to do). Given the early stage of the proceedings – a scheduling order has not even been entered, and a date for amending the pleadings has thus not yet been set – Plaintiff sees no legitimate basis for opposing the proposed amendment (which, again, simply adds additional named Plaintiffs) pursuant to Rule 15. Defendant has nonetheless advised that it will oppose such a motion, but has refused to explain why.

   Pursuant to Rule 15(a)(2), The "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  This Rule "allows a liberal policy in favor of granting amendments. . . ." *Ousley v. CG Consulting, LLC*, 339 F.R.D. 455, 459 (S.D. Ohio 2021); *see also Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999) ("Rule 15(a) of the Federal Rules of Civil Procedure explicitly states that leave to amend a pleading should be 'freely given when justice so requires.'"). In determining whether to permit an amendment, the trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part of a movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). The "good cause" standard of Rule 16(b) does not apply

because no amendment deadline has been set by the Court.  *See* Fed. R. Civ. P. 16(b)(4).

As a threshold matter, a "proposed amendment adding a new named plaintiff is 'a common and normally an unexceptionable ('routine') feature of class action litigation [ ] in federal courts.'" *In re Gen. Motors Air Conditioning Mktg. & Sales Pracs. Litig.*, 2020 WL 3571716, at *2 (E.D. Mich. 2020) (quoting *Phillips v. Ford Motor Co.*, 435 F.3d 785, 787 (7th Cir. 2006); *see, e.g., Kittle v. America's Test Kitchen LP*, 2019 WL 6496596 (E.D. Mich.) (finding no prejudice to defendant where plaintiff sought "to add two new named Plaintiffs" and the "factual and legal allegations in the proposed Amended Complaint are largely the same as those included in the original Complaint"); *McCluskey v. Belford High School*, 2011 WL 13208802, at *3 (E.D. Mich. July 8, 2011) (finding no prejudice where plaintiff sought to substitute one class representative with another and add a second class representative).

All of the *Foman* factors also weigh heavily in favor of permitting Plaintiff to file the proposed SAC – which, again, merely adds in an abundance of caution additional plaintiffs to protect the interests of the putative class in the face of Defendant's attacks on Plaintiff Lovett's claim. There has been no undue delay— the action is in its earliest phases, and Plaintiff promptly sought leave to amend when Defendant identified purported problems with her claim.[1]  *See, e.g., Ewalt v. Gatehouse Media Ohio Holding II, Inc.*, No. 2:19-CV-4262, 2020 WL 1904744, at *1 (S.D. Ohio Apr. 17, 2020) (permitting amendment where the case was in its "early stages").  There is no bad faith or dilatory motive here, where Plaintiff sought amendment early in the case.  *See Abner v. Convergys Corp.*, No. 1:18-CV-442, 2021 WL 9056617, at *4-*5 (S.D. Ohio Apr. 7, 2021) (finding no bad faith where plaintiff sought leave to amend to add fourteen additional plaintiffs, fourteen state law claims, and new factual allegations).  No prejudice would accrue to Defendant from the amendment given the early stage of the case and that the new proposed plaintiffs intend to proceed on the exact same legal theory as Plaintiff Lovett. *See, e.g., id.* at *4.  Finally, the amendment would not be futile given that the new proposed plaintiffs seek to pursue claims identical to the ones which the Court has already found sufficient to state a claim.  *See* ECF No. 27 (Order Denying Defendant's Motion to Dismiss); *Ewalt*, 2020 WL 1904744 at *1 (finding that a proposed amendment met the "low bar" for clearing the futility standard given that they were "not, on their face, futile.").  Plaintiff respect requests that the Court provide them leave to file the proposed Second Amended Complaint.

Defendant: Defendant Continued.com LLC's counsel received a draft of the proposed Second Amended Complaint from Plaintiffs' counsel on June 26, 2026, which was untimely under this Court's 6/23/26 deadline to circulate a draft

---

[1] Plaintiff does not concede the validity of Defendant's attacks on Plaintiff Lovett's claim, which raise factual disputes that discovery will be necessary to resolve.

complaint. Defendant's counsel then informed Plaintiffs' counsel that Defendant declined to consent to leave to file the proposed Second Amended Complaint. As part of that communication, Defendant's counsel informed Plaintiff's counsel that Defendant would not preview its arguments in advance of submitting an opposition brief. Defendant's counsel also made clear that they "do not view the July 21 status conference as an opportunity to argue the merits for or against amendment" because "doing so before briefing would be premature."

Plaintiffs have now raised substantive issues in this report that go beyond the purpose of the July 21 status conference. Defendant understands that status conference will address the logistics of Plaintiffs' attempt to obtain leave to amend, including briefing deadlines, and the schedule for the case if leave is either granted or denied. Unless the Court is inclined to discuss the merits of leave to amend during the July 21 status, Defendant declines to engage with Plaintiffs on the merits of whether leave to amend is proper. Submitting developed argument to the Court goes beyond what the parties agreed to discuss in advance of the July 21 conference.

That said, this case has been pending since October 2024. Defendant has spent significant time litigating claims asserted by named plaintiff Victoria Lovett. Plaintiffs have had years to develop all necessary parties, allegations, and claims. Only after Defendant established that Victoria Lovett lacked any injury (and thus standing), do Plaintiffs want to file an amended complaint adding multiple named plaintiffs. That is improper. *See Zangara v. Travelers Indem. Co. of Am.*, No. 1:05CV731, 2006 WL 725231, at *3 (N.D. Ohio Mar. 30, 2006) ("Zangara's lack of standing precludes him from amending the complaint to substitute new plaintiffs and join a new defendant. More precisely, his lack of standing divests this Court of subject matter jurisdiction necessary to even consider such a motion."). What's more Plaintiffs missed this Court's deadline to circulate the proposed complaint and seek to cause undue delay and prejudice by seeking to add additional named plaintiffs after years of litigation.

Defendant also notes that the Court's ruling on Plaintiffs' Motion for Leave to Amend is likely to affect the calendar for this case. As a result, Defendant finds it prudent to enter a scheduling order only after the Court issues its order on Plaintiffs' Motion for Leave to File the Second Amended Complaint.

Signatures:
Attorney(s) for Plaintiff(s):

Attorney(s) for Defendants(s):

_Daniel J. O'Connor_
Ohio Bar #:0091397

Beth Bryan
Ohio Bar # 82076

Trial Attorney for: Plaintiff

Trial Attorney for Continued.com

William Braff
Ohio Bar # 98773
Trial Attorney for _____

Ohio Bar # _____
Trial Attorney for _____

Ohio Bar # _____
Trial Attorney for _____

Ohio Bar # _____
Trial Attorney for _____