**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**CINCINNATI DIVISION**

| | |
|---|---|
| VICTORIA LOVETT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CONTINUED.COM, LLC,<br><br>Defendant. | Civil Action No. 1:24-CV-00590-DRC<br><br>**CLASS ACTION** |

**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED CLASS ACTION COMPLAINT**

Plaintiff Victoria Lovett respectfully submits this reply in further support of her Motion for Leave to File Second Amended Class Action Complaint (ECF No. 34 (the "Motion")).

**ARGUMENT**

Defendant's response in opposition to the Motion (ECF No. 35 (the "Opposition" or "Opp.")) fails to identify any "undue prejudice" it would suffer from the Proposed SAC capable of denying leave to amend under Rule 15(a). Nor does it come anywhere close to demonstrating that Plaintiff unduly delayed or acted in bad faith in seeking the proposed amendment (after all, the potential issue the Proposed SAC seeks to moot was just recently identified in Defendant's Answer).

That leaves futility, and the question before the Court in assessing this factor is not whether Plaintiff has Article III standing, but whether the allegations of the Proposed SAC adequately establish that the additional Plaintiffs included in that pleading have Article III standing. *See, e.g., Bronson v. Bd. of Educ. of City Sch. Dist. of City of Cincinnati*, 573 F. Supp. 767, 775 (S.D. Ohio 1983) (where plaintiff originally named in putative class action lacked Article III standing, the court explained that resolving "[w]hether the NAACP may be added as a Plaintiff . . . requires determination of the threshold question of whether the NAACP has the requisite standing to assert the claims being raised in this matter"). The answer to that question is clearly "yes": the facts alleged in the Proposed SAC adequately establish that each of the additional Plaintiffs' VPPA-protected PII was knowingly disclosed by Defendant to third parties, thereby acutely invading each of their legislatively created right to privacy in the subject information and working concrete and particularized harm to each of them. *See Salazar v. Paramount Glob.*, 133 F.4th 642, 648 (6th Cir. 2025), *cert. granted on other grounds*, 146 S. Ct. 1591 (2026). In fact, Defendant makes no effort to contest the Article III standing of any of the four additional Plaintiffs the Proposed SAC seeks to add to the case.

According to Defendant, Plaintiff lacks Article III standing, and "thus cannot file an amended complaint," because "no activities involving prerecorded videos associated with Ms. Lovett's account occurred within the VPPA's two-year

limitations period." (Opp. at 4 (citing *Zurich Ins. Co. v. Logitrans, Inc.*, 297 F.3d 528, 531 (6th Cir. 2002)[1].) But whether Plaintiff's VPPA claims are time-barred by the applicable limitation period has no effect on Plaintiff's Article III standing or the Court's subject-matter jurisdiction. It is well established that "[s]tatutes of limitations and other filing deadlines 'ordinarily are not jurisdictional.'" *Musacchio v. United States*, 577 U.S. 237, 246 (2016) (quoting *Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 154 (2013)); *Pratt v. KSE Sportsman Media, Inc.*, 586 F. Supp. 3d 666, 676 (E.D. Mich. 2022) (same); *Chesterfield Mkt., Inc. v. United States*, 469 F. Supp. 2d 485, 487 (E.D. Mich. 2007) ("The failure to abide by a statute of limitations does not affect the court's power to adjudicate a matter. Similarly, the

---

[1] The Sixth Circuit's decision in *Zurich* concerned a proposed substitution pursuant to Rule 17, made by an originally named plaintiff who "admittedly" never "suffered [an] injury in fact by the defendants" (*Zurich*, 297 F. 3d at 531), is a far cry from the situation here, where Plaintiff, a person who indisputably purchased prerecorded video materials from Defendant, viewed those materials, and who alleges having her VPPA-protected PII concerning those activities transmitted to third parties without her consent in violation of the VPPA and her privacy, seeks to amend her complaint pursuant to Rule 15(a)'s liberal standard to moot an assertion by Defendant the last time she engaged in those activities occurred more than two years prior to her commencement of this action – an assertion she disputes, by the way, and which in any event concerns an issue that is not even jurisdictional (as discussed below). *Zurich*'s reasoning has been criticized or rejected at least 24 times by judicial decisions from courts throughout the country, including other courts of appeals. *See Fund Liquidation Holdings LLC v. Bank of Am. Corp.*, 991 F.3d 370, 386-90 & n.10 (2d Cir. 2021) (rejecting *Zurich*'s reasoning, and distinguishing *Zurich* on the facts because "the case before us today differs from a situation like *Zurich Insurance*, in which the originally named plaintiff never possessed a claim against the defendant").

failure to state a claim, although fatal to a plaintiff's case, does not deprive the court of subject matter jurisdiction." (citing *Intermodal Techs., Inc. v. Mineta*, 413 F. Supp. 2d 834, 838 (E.D. Mich. 2006))); *see also United States v. Del Percio*, 870 F.2d 1090, 1093 (6th Cir. 1989) ("[E]very circuit court of appeals to address the issue has held that criminal statutes of limitations are waivable affirmative defenses that do not affect the subject matter jurisdiction of the courts.") (collecting cases). "For a statute of limitations to be jurisdictional, the legislature must have 'clearly stated' it is jurisdictional." *Pratt*, 586 F. Supp. 3d at 676 (quoting *Musacchio*, 577 U.S. at 237); *see, e.g., Henderson v. Shinseki*, 562 U.S. 428, 436 (2011) (requiring a "clear indication" that a statute is jurisdictional). And in the case of the VPPA, nothing in the statute indicates that its two-year limitation period is jurisdictional. *See* 18 U.S.C. § 2710(c)(3).[2]

[2] To the contrary, the statute explicitly states that the two-year limitation period runs from the violative disclosure or from "discovery" of such disclosure. *See* 18 U.S.C. § 2710(c)(3) ("No action may be brought under this subsection unless such action is begun within 2 years from the date of the act complained of or the date of discovery."). Although the Court need not reach the issue to grant the Motion, it is worth pointing out that the evidence submitted by Defendant as an attachment to the declaration accompanying the Motion (ECF No. 35-1 at 5-6) does not indicate the start and end date of the account activity searched. *See id.* at 5 (neither "Timeframe Start" nor "Timeframe Stop" indicating a date). Moreover, the evidence submitted by Defendant does not even purport to reflect any of Plaintiff's account activity from prior to October 16, 2022, nor does it establish when Plaintiff first discovered Defendant's disclosures of her PII to third parties from prior to October 16, 2022. And while the operative FAC does not specifically allege that Plaintiff first discovered Defendant's violative disclosures from before October 16, 2022 at some point within the two-year period preceding the filing of this case, it is well

Thus, by alleging that Defendant disclosed her VPPA-protected PII to a third party without her authorization, in violation of the statute, Plaintiff has adequately alleged suffering a justiciable Article III injury-in-fact sufficient to confer the Court with subject-matter jurisdiction. *See Salazar*, 133 F.4th at 648. Defendant's assertion that Plaintiff's information was not disclosed to a third-party within the limitation period goes entirely to the merits of her claim for relief under the statute, not her Article III standing or the Court's jurisdiction to hear the dispute. *See id.* at 648-53 (finding that a VPPA plaintiff had Article III standing, while later concluding that the plaintiff had not even made a purchase of, let alone viewed, a prerecorded video-based product or service covered by the statute). At this early stage of the proceedings, the Court need go no further to grant the Motion. *See id.* at 646 ("So what the plaintiff must show is calibrated to the stage of the case—and here we review the grant of a motion to dismiss. To establish Article III standing at this initial stage, 'a plaintiff must plead an injury in fact attributable to the defendant's conduct

established that "a plaintiff generally need not plead compliance with the statute of limitations." *See Imagine Medispa, LLC v. Transformations, Inc.*, 999 F. Supp. 2d 873, 884 (S.D.W. Va. 2014) (citing *Zenith Radio Corp. v. Hazeltine Research., Inc.,* 401 U.S. 321, 334 (1971)). Thus, even taking the evidence submitted by Defendant together with the Opposition (ECF No. 35-1) at face value, the Court cannot conclude at this stage of the proceedings whether any disclosures of Plaintiff's VPPA-protected information occurred prior to October 16, 2022, let alone whether any such disclosures are barred by the statute's non-jurisdictional limitation period.

and redressable by the court.'") (quoting *Tyler v. Hennepin County*, 598 U.S. 631 (2023)).

Even if Plaintiff were found to lack Article III standing, Rule 15(a)'s liberal standard still governs and Plaintiff should still be granted leave to file the Proposed SAC. As the United States Court of Appeals recently explained in a thorough, well-reasoned opinion on precisely this issue, federal district courts possess jurisdiction to "entertain and grant a motion to amend filed by a plaintiff who lacks standing to pursue the claim pleaded." *Yan v. ReWalk Robotics Ltd.*, 973 F.3d 22, 36 (1st Cir. 2020). Though the Sixth Circuit does not appear to have yet weighed in on the issue, the overwhelming majority of the country's other federal circuit courts of appeal are in accord with the First Circuit's decision in *Yan*. *See, e.g., A.W. v. Tuscaloosa City Schs. Bd. of Educ.*, 744 F. App'x 668, 672 (11th Cir. 2018) ("[C]ourts may authorize amendment of a complaint under Rule 15 even in the absence of jurisdiction."); *Est. of Cornejo ex rel. Solis v. City of Los Angeles*, 618 F. App'x 917, 920 n.2 (9th Cir. 2015) (holding in the alternative that even if the plaintiffs did not have standing initially, they properly amended their pleadings under Rule 15 before judgment, "resolv[ing] any standing issues"); *Advanced Magnetics, Inc. v. Bayfront Partners, Inc. (AMI)*, 106 F.3d 11, 13 (2d Cir. 1997) ("Though we uphold the district court's ruling that the assignments were not sufficient to give AMI standing to pursue the shareholders' claims, we conclude that the court should not have dismissed those

claims but should have granted AMI's request to amend the complaint to allow the shareholders to pursue their own claims."); *Nat'l Post Off. Mail Handlers Loc. No. 305 v. U.S. Postal Serv.*, 594 F.2d 988, 991 (4th Cir. 1979) ("The amendment to allege standing explicitly should be permitted and on remand the district court shall grant leave to amend."); *see also, e.g., Nunez v. Saks Inc.*, 771 F. App'x 401, 402–03 (9th Cir. 2019); *Revell v. Port Auth. of N.Y. & N.J.*, 321 F. App'x 113, 117–18 (3d Cir. 2009); *Williams v. Lew*, 819 F.3d 466, 471 (D.C. Cir. 2016).

But "Congress has "explicitly endorsed this view, even as expanded to cover all jurisdictional defects." *Yan*, 973 F.3d at 36 (citing 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.")). Enacted by Congress and signed into law by the President, 28 U.S.C. § 1653 gives Plaintiff the right to file the Proposed SAC to cure any jurisdictional defects that may exist in the operative FAC (standing-related or otherwise), so long as she otherwise satisfies Rule 15(a) (which she has). The federal judiciary is in no position to second-guess that legislatively created right or remedy.

Nor is there any reason "why this permissiveness does not extend to motions seeking to add a named party asserting the exact same claim that is already pleaded in the complaint." *Yan*, 973 F.3d at 37 (citing *Allied Int'l, Inc. v. Int'l Longshoremen's Ass'n*, 814 F.2d 32, 34–36 (1st Cir. 1987) (citing the advisory committee's note to the 1966 amendment to Federal Rule of Civil Procedure 15, which states that "the

attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs," and allowing an amendment to substitute the assignee where the original plaintiff had assigned its claims in their entirety, which otherwise would have precluded any recovery)).

It is thus unsurprising that courts presiding over putative VPPA class actions similar to the instant matter routinely grant leave to amend pursuant to Rule 15 to plaintiffs found to lack Article III standing. *See, e.g., Martinez v. D2C, LLC*, No. 23-21394-CIV, 2023 WL 6587308, at *2 (S.D. Fla. Oct. 10, 2023) (granting leave to amend to add two new additional plaintiffs in VPPA action after Defendant challenged original plaintiff's and one of the two proposed additional plaintiff's Article III standing, explaining that "this case would still proceed as to [one of the new plaintiffs] whose standing Univision does not challenge"). This Court should do the same, even if Plaintiff were found to lack Article III standing.

Finally, Defendant's argument for opposing the Motion proves far too much. If Defendant were correct that a plaintiff who lacks Article III standing cannot use Rule 15 to add additional plaintiffs with Article III standing, Defendant's proposed exception to the Rule would swallow Rule 17, which expressly admonishes that "[a] court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action.'" Fed. R. Civ. P.

17(a)(3). Indeed, Rule 17 "expressly anticipates the possibility that a complaint might be brought by someone who turns out not to be the party in interest (*i.e.*, is not the person who has standing to prosecute the claim)." *Yan v. ReWalk Robotics Ltd.*, 973 F.3d 22, 37 (1st Cir. 2020) (citing *Morcelo-Martinez v. Welfare Fund ILA-PRSSA*, 972 F.2d 337 (1st Cir. 1992) (affirming dismissal where plaintiffs "lacked standing to bring this action since they were not the real parties in interest"); *MHI Shipbuilding, LLC v. Nat'l Fire Ins. Co. of Hartford*, 286 B.R. 16, 27-28 (D. Mass. 2002) (discussing the general interaction between standing and Rule 17(a))). And "the mechanism often used to substitute in the party with standing to press the claim is Rule 15." *Yan*, 973 F.3d at 37 (citing Fed. R. Civ. P. 15 advisory committee's note to 1966 amendment (emphasizing that Rule 15(c)(3) "extends by analogy to amendments changing plaintiffs"); 6A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1555 (3d ed. 2020) ("Rule 15(c) has been used in conjunction with Rule 17(a) to enable an amendment substituting the real party in interest to relate back to the time the original action was filed.")). By seeking leave to file the Proposed SAC, Plaintiff is from a jurisdictional standpoint situated no differently than a plaintiff who seeks to substitute another plaintiff in her place pursuant to Rule 17 – and there is accordingly no legitimate basis to deny her leave to do so pursuant to Rule 15, even if she does lack Article III standing. *See, e.g., Yan*, 973 F.3d at 37 (noting that Rule 17 "would not make much sense if the district

court were correct" in denying a plaintiff who lacks standing leave to amend to add an additional plaintiff with standing pursuant to Rule 15, and reversing the district court's denial of leave to amend).

## CONCLUSION

For the foregoing reasons, the Motion should be granted.

Dated: August 25, 2026

Respectfully submitted,

**HEDIN LLP**

*/s/ Frank S. Hedin*
Frank S. Hedin (*pro hac vice*)
Florida Bar No. 109698
HEDIN LLP
1395 Brickell Ave., Suite 610
Miami, Florida 33131-3302
Telephone: (305) 357-2107
Facsimile: (305) 200-8801
fhedin@hedinllp.com

Daniel J. O'Connor
Ohio Supreme Court No. 0091397
O'CONNOR, HASELEY AND WILHELM, LLC
470 West Broad Street, Suite 15,
Columbus, OH 43215
Telephone: (614)246-8840
doconnor@goconnorlaw.com

*Counsel for Plaintiff and Putative Class*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the above was filed electronically on August 25, 2026. Notice of this filing will be sent to all parties through the Court's electronic filing system.

*/s/ Frank S. Hedin*